# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| JEFFREY KEITH SPENCER, | **MEMORANDUM DECISION &** |
| Petitioner, | **DISMISSAL ORDER** |
| v. | Case No. 2:13-CV-00334 RJS |
| ALFRED C. BIGELOW et al, | Judge Robert J. Shelby |
| Respondents. | |

Having fully considered Respondents' Motion to Dismiss (Dkt. 10) and Petitioner's opposition, the court concludes that the Motion must be GRANTED.

Petitioner's *pro se* federal habeas corpus petition asserts the following claims for relief:

1. His parole was "illegally violated"--i.e., Utah Board of Pardons and Parole (BOP) did not follow "laws, policy & procedures" and did not take a plea to the allegations.

2. His Due Process rights were violated when "[i]t took about two years for [BOP] to hear me on these allegations."

3. BOP violated his constitutional rights by "retrying" his federal bank robbery case.

4. BOP illegally changed the date his robbery sentence expires.

### *Petitioner Has Not Exhausted His Claims*

"A habeas petitioner is 'generally required to exhaust state remedies whether his action is brought under § 2241 or § 2254.'" *Hamm v. Saffle*, 300 F.3d 1213, 1216 (10th Cir. 2002) (quoting *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000)). When a petitioner has

1

"'failed to exhaust his state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred' the claims are considered exhausted and procedurally defaulted for purposes of federal habeas relief." *Thomas v. Gibson*, 218 F.3d 1213, 1221 (10th Cir. 2000) (*quoting Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991)); *see also Gonzales v. Jordan*, No. 01-6415, 2002 U.S. App. LEXIS 10781, at *6 (10th Cir. June 5, 2002) (unpublished) ("[W]e conclude that the procedural bar applies to § 2241 petitions.").

After BOP's hearing in which Petitioner's parole was officially revoked, Petitioner did not file a petition for extraordinary relief in Utah state court. Now he appears to be foreclosed from raising his current arguments in a future state habeas petition, and the state courts would determine them to be procedurally barred. *See* Utah Code Ann. § 78B-9-106(1) (2014) (Utah Post-Conviction Remedies Act) (stating person "not eligible for relief under this chapter upon any ground that . . . is barred by the limitation period established in Section 78B-9-107"); *id.* § 78B-9-107 ("A petitioner is entitled to relief only if the petition is filed within one year after the cause of action has accrued.").

"This court may not consider issues raised in a habeas petition 'that have been defaulted in state court on an independent and adequate procedural ground[] unless the petitioner can demonstrate cause and prejudice or a fundamental miscarriage of justice.'" *Thomas*, 218 F.3d at 1221 (alteration omitted) (citation omitted). Construing the petition liberally as it must, the court infers that Petitioner possibly argues cause and prejudice justify his procedural default, when he suggests that a generic response from Judge Tena Campbell of this court, sending him a habeas petition form and telling him that he could file a habeas case if he wished, led him to believe that he need not pursue his case in state court first, but should file in this court.

"[T]o satisfy the 'cause' standard, Petitioner must show that 'some objective factor external to the defense' impeded his compliance with Utah's procedural rules." *Dulin v. Cook*, 957 F.2d 758, 760 (10th Cir. 1992) (citations omitted). Meanwhile, to demonstrate prejudice, "'[t]he habeas petitioner must show not merely that . . . errors . . . created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage.'" *Butler v Kansas*, No. 02-3211, 2002 U.S. App. LEXIS, at *8 (10th Cir. Dec. 30, 2002) (unpublished) (alteration in original) (quoting *Murray v. Carrier*, 477 U.S. 478, 494 (1986) (emphasis in original)).

Petitioner has not met his burden of showing that objective factors external to the defense hindered him in meeting state procedural demands. Under Tenth Circuit case law, lack of legal resources and knowledge (including Petitioner's own misunderstanding) are circumstances that do not carry Petitioner's burden to show cause. *Gilkey v. Kansas*, No. 02-3227, 2003 U.S. App. LEXIS, at *6 (10th Cir. Feb. 4, 2003) (unpublished) (holding limited knowledge of the law is insufficient to show cause for procedural default); *Rodriguez v. Maynard*, 948 F.2d 684, 688 (10th Cir. 1991) (concluding petitioner's pro se status and his corresponding lack of awareness and training on legal issues do not constitute adequate cause for his failure to previously raise claims). Indeed, these are factors that are *internal* to Petitioner's "defense."

In sum, Petitioner did not properly raise any habeas issues whatsoever before the Utah Supreme Court. Moreover, because under state law the questions he brings in this federal petition are no longer eligible to be raised in Utah courts, they are technically exhausted, barred by state procedural law, and procedurally defaulted in this federal habeas case. Indeed, Petitioner has shown neither cause and prejudice nor a fundamental miscarriage of justice excusing his apparent default.

### *Petitioner's Claims are Time-Barred*

Alternatively, Petitioner's claims are precluded by the one-year period of limitation set forth in 28 U.S.C.S. § 2244(d)(1) (2014), which says:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> . . . .
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Petitioner's claims are all based on his hearing and parole revocation. Petitioner does not assert there was some impediment to filing his Petition. Thus, Petitioner's claims were ripe to be challenged, either April 23, 2012, the date of the Evidentiary Hearing, or May 22, 2012, the date of BOP's Evidentiary Hearing decision and order. Petitioner did not file his Petition until August 12, 2013, more than one year after his claims were ripe. It is, therefore, time-barred, considering that Petitioner has offered no argument for statutory or equitable tolling. *See id*. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."); *Calderon v. U.S. District Court*, 128 F.3d 1283, 1288 (9th Cir. 1997) ("Equitable tolling will not be available in most cases, as extensions of time will only be granted if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time." (Citation omitted.)). The petition is thus alternatively dismissed on the basis of the passing of the period of limitation.

*Petitioner's Double Jeopardy Claim Does Not State a Claim for Federal Relief*

Federal habeas corpus relief is available only if Petitioner is in custody in violation of the United States Constitution or laws or treaties of the United States. 28 U.S.C.S. § 2254(a) (2014). Petitioner's third claim, alleging a violation of his right against double jeopardy, does not state such a violation.

"[N]either collateral estoppel nor double jeopardy prevents [BOP] from finding a parole violation even if a parolee is acquitted in a criminal proceeding." *Petersen v. Utah Bd. of Pardons*, 907 P.2d 1148, 1154 (Utah 1995). Federal law mirrors Utah's on this issue. *See, e.g., Fay v. Chester*, 08-3301-RDR, 2010 U.S. Dist. LEXIS 87799, *11 (D. Kan. Aug. 25, 2010) ("The Parole Commission is not bound by an acquittal after a criminal trial because it makes its findings upon a lesser burden of proof and may consider evidence which may not be admitted in a criminal trial.").

There is no basis in applicable law for Petitioner's assertion that the BOP cannot find a parole violation when he is acquitted of criminal charges based on the same conduct.

## CONCLUSION

**IT IS THEREFORE ORDERED** that the Motion to Dismiss (Dkt. 10) is **GRANTED** and the Petition is **DISMISSED**. This case is **CLOSED**.

DATED this 29th day of September, 2014.

BY THE COURT:

ROBERT J. SHELBY
Utah District Court Judge